USCA1 Opinion

 

 August 10, 1992 [NOT FOR PUBLICATION] ___________________ No. 92-1025 KEVIN D. HICKS, Plaintiff, Appellant, v. JAMES EMERSON, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Andrew A. Caffrey, Senior U.S. District Judge] __________________________ ___________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ___________________ Kevin D. Hicks on brief pro se. ______________ Nancy Ankers White, Special Assistant Attorney General, and ___________________ David J. Rentsch, Department of Correction, on brief for __________________ appellees. __________________ __________________ Per Curiam. Plaintiff Kevin Hicks, an inmate at the __________ Massachusetts Correctional Institution (M.C.I.) Norfolk, appeals from a district court judgment dismissing his 42 U.S.C. 1983 complaint against various officers of the Massachusetts Department of Correction (DOC) for alleged violations of plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. We affirm. The complaint named as defendants four corrections officers at M.C.I. Norfolk (James Emerson, Paul Hanna, Brian Dawe, Steven Gannon), three supervisory officials at that facility (former Superintendent Norman Butler, Superintendent Arthur Latessa, Unit Manager Shawn Smith), and three additional DOC officials (former Commissioner Michael Fair, Commissioner George Vose, and Frank Jones, Associate Commissioner of Health Services).1 The complaint alleged that plaintiff suffered from asthma and other health problems as a result of the amputation of his leg and part of his hip. In a nutshell, plaintiff complained that the defendants disregarded his medical needs by (1) refusing to give him utensils to eat dinner in his cell after he returned from the infirmary on May 5, 1989, (2) refusing to allow plaintiff to remain on top of his bed and under a blanket when he was cold during the daytime, and (3) transporting plaintiff to medical ____________________ 1Also named as a defendant was Dr. Ronald Goldberg, a private physician. Plaintiff stipulated to the dismissal of his complaint against Dr. Goldberg. Defendants Fair and Butler were dismissed for lack of service of the complaint. Plaintiff does not challenge these rulings on appeal. -2- appointments in painfully tight waist chains which were wholly unnecessary in view of plaintiff's condition. Plaintiff sought damages and injunctive relief in the form of orders allowing him to receive eating utensils and use blankets whenever necessary and barring the defendants from restraining him with waist chains. The government filed a motion to dismiss or, in the alternative, for summary judgment on behalf of the nine DOC defendants who had been served with the complaint. This motion was supported by an affidavit from Superintendent Latessa, which averred, inter alia, that DOC regulations prohibited plaintiff _____ ____ from being under the covers during the daytime (8:00 a.m. to 3:45 p.m.), although he could make his bed and lay down on top of his blanket, covered with an item of clothing. An exception could be made if plaintiff procured a doctor's order verifying a medical need to remain in bed. Although plaintiff had received numerous letters advising him of this rule, he did not secure a doctor's note that allowed him to remain in bed. Plaintiff did not file an opposition to the defendants' motion. As a result, the district court allowed the motion on March 28, 1990. Plaintiff filed a motion for reconsideration that did not raise any additional facts. This motion was denied on June 13, 1990. This appeal followed the entry of final judgment dismissing the complaint as to all defendants. On appeal, plaintiff argues that he was not aware that he had to file an opposition to the defendants' motion inasmuch as -3- he was waiting for a ruling on his motion for appointment of counsel. This does not excuse plaintiff's omission. "A district court may insist upon compliance with its local rules." United ______ States v. Proceeds of Sale of 3,888 Pounds of Scallops, 857 F.2d ______ ____________________________________________ 46, 49 (1st Cir. 1988). At the time of the court's dismissal, Local Rule 17(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts required that, "[a] party opposing a motion, ... shall file an opposition to the motion within fourteen days after service of the motion, unless another period is fixed by rule or statute, ... and in the same document a memorandum of reasons, including citation of supporting authorities, why the motion should not be granted. Affidavits and other documents setting forth or evidencing facts on which the opposition is based shall be filed with the opposition." With respect to motions for summary judgment, Local Rule 18 specifically provided that the moving party's statement of material facts will be deemed admitted unless controverted by the statement of material facts that the rule required of the opposing party. As plaintiff filed no opposition, the defendants' affidavit stands uncontradicted. On the present record, we conclude that plaintiff was not entitled to relief. The one-time denial of eating utensils was not a significant deprivation violative of the Eighth Amendment, particularly where plaintiff admitted that he chose to discard his meal. As for plaintiff's complaints about being unable to remain under his blanket(s), both the exhibits to plaintiff's -4- complaint and Superintendent Latessa's affidavit indicate that the defendants repeatedly invited plaintiff to obtain a doctor's order verifying his need to remain covered. While plaintiff argues that the defendants will not accept medical orders with which they disagree, he alleges no facts to support this assertion, and he does not claim that any doctor indicated in writing that plaintiff should be permitted to remain in bed or under blankets during the day. Finally, among the exhibits to the plaintiff's complaint is an August 10, 1988 letter from defendant Jones which indicates that a new medical order had issued which allowed for the use of loosely applied security chains. This plainly contradicts plaintiff's claim that the defendants were deliberately indifferent to his medical needs. Judgment affirmed. __________________ -5-